### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH STEVEN@ANYPAYINC.COM, THAT IS STORED AT PREMISES CONTROLLED BY AMAZON.COM, INC.** | **Case No.** 19-mj-251-01-AJ <br> **Filed Under Seal** |

APPLICATION FOR ORDER COMMANDING AMAZON.COM, INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

    The United States requests that the Court order Amazon.com, Inc. not to notify any person (including the subscribers or customers of the account listed in the warrant) of the existence of the attached warrant for 180 days, to expire on May 27, 2020.

    Amazon.com, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Amazon.com, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, warrant, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, warrant, or court order." *Id.*

    There is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation by, among other things, giving the targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a search warrant under 18 U.S.C. § 2703(b)(1). Section 2703(b)(1)(A) provides that when the government proceeds under § 2703(b)(1) (i.e., when the government obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Amazon.com, Inc. not to disclose the existence or content of the attached warrant, except that Amazon.com, Inc. may disclose the attached warrant to an attorney for Amazon.com, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for 180 days, to expire on May 27, 2020. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                Respectfully submitted,

                Scott W. Murray
                United States Attorney

Dated: November 27, 2019        By:   /s/ Georgiana L. Konesky
                                                    Georgiana L. Konesky
                                                    Assistant United States Attorney